**STARK & STARK**
A Professional Corporation
993 Lenox Drive, Bldg. 2
P.O. Box 5315
Princeton, New Jersey 08543-5315
(609) 896-9060
Attorneys for Defendant, Phoenix Management Holdings, LLC

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IRMA MUNOZ DE GONZALEZ, and all similarly situated present and former employees of the defendant herein pursuant to N.J.S.A. 34:11-56a25 and 29 U.S.C. § 216(b)<br><br><br>Plaintiffs,<br><br>v.<br><br>PHOENIX MANAGEMENT HOLDINGS, LLC and JOHN (JANE) DOES #1- #11; MISHAEL QUESADA; and MARIO SALINAS, jointly, severally and individually<br><br>Defendants. | DOCKET NO.<br><br>*Civil Action*<br><br><br><br><br>**NOTICE OF REMOVAL** |

### TO THE CHIEF JUDGE AND HONORABLE JUDGES OF THE
### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

Defendant Phoenix Management Holdings, LLC (hereinafter collectively referred to as

"Phoenix"), by and through counsel, hereby files the within Notice of Removal in accordance

with 28 U.S.C. § 1446, and respectfully shows:

### PARTIES

STARK & STARK
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

1.      Defendant Phoenix, is a New Jersey limited liability company with an office

located at 3349 Brunswick Pike, Suite 70, Lawrenceville, Mercer County, New Jersey .

2.     Plaintiff, Irma Munoz De Gonzalez is an individual residing at 302 Chestnut Avenue, Trenton, Mercer County, New Jersey 06609.

**BACKGROUND**

3.     On December 11, 2013, Defendant Phoenix was served with a copy of a Complaint in a civil action filed in the Superior Court of New Jersey, Mercer County, entitled Irma Munoz De Gonzalez v. Phoenix Management Holdings, LLC, and bearing Docket No. MER-L-2513-13. Attached hereto as Exhibit "A" is a true and correct copy of the Complaint.

4.     The attached Complaint constitute all pleadings in this action known to the Defendant.

5.     In filing this Notice of Removal, the Defendant does not waive any defenses arising from *any* defects in the service of process or any other affirmative defenses arising in this action under Rule 12 of the Federal Rules of Civil Procedure, including the defenses for lack of jurisdiction, improper venue, insufficient process and/or improper service of process.

6.     In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days of the Defendant's first receipt of the aforementioned Verified Complaint.

**JURISDICTION**

7.     This action is removable under 28 U.S.C. § 1441(a).  There is federal question jurisdiction in this action as the civil action arises under federal law, as reflected in ¶8 of this Notice of Removal.

8.     Counts VII, VIII, and IV of Plaintiff's Complaint alleges violations of federal law that arise under, but are not limited to, 29 U.S.C. §207; 29 U.S. C. §215(3), and 29 U.S.C. § 216(b).

9.     Notice of this removal petition is being filed contemporaneously with the Superior Court of New Jersey, Mercer County. Attached hereto as Exhibit "B" is a true and accurate copy of the Defendant's Notice to the Superior Court of New Jersey, Mercer County of this Notice of Removal.

WHEREFORE, the Defendant prays that this case proceeds in its entirety in this Honorable Court as an action properly removed under and pursuant to 28 U.S.C. §§ 1441(a) & 1331.

STARK & STARK
A Professional Corporation

By: _____
       SCOTT I. UNGER

Dated:  December 12, 2013

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ  08543-5315

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2013,  electronically filed the Defendant's Removal Petition with the Clerk for the United States District Court, District of New Jersey, and sent notification of such filing as follows:

 *Federal Express:*

Superior Court of New Jersey
Mercer County Courthouse
175 S. Board Street
PO Box 8068
Trenton, New Jersey 08625

*Via Federal Express:*

Roger Martindell, Esquire
245 Nassau Street
Princeton, NJ 08540
*Counsel for Plaintiffs*

STARK & STARK
A Professional Corporation


By: _____
     SCOTT I. UNGER

Dated:  December 12, 2013

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

**E**

**X**

**H**

**I**

**B**

**I**

**T**

**A**

# EXHIBIT "A"

Roger Martindell
Attorney at law
245 Nassau Street
Princeton, NJ 08540
609-921-3355
609-921-9345 (fax)
Attorney for Plaintiff Irma Munoz De Gonzalez

CLERK OF SUPERIOR COURT
SUPERIOR COURT OF N.J.
MERCER COUNTY
RECEIVED AND FILED

*copy/return*

NOV 15 2013

---

IRMA MUNOZ DE GONZALEZ, and all similarly
situated present and former employees
of the defendant herein pursuant to
N.J.S.A. 34:11-56a25 and 29 U.S.C § 216(b)

      Plaintiffs

      vs.

PHOENIX MANAGEMENT HOLDINGS, LLC, and
JOHN (JANE) DOES # 1 - #11,  Mishael
Quesada and Mario Salinas, jointly, severally,
and individually

      Defendants

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION - MERCER COUNTY

Docket No. MER-L- 2513-13

Civil Action

**COMPLAINT
& JURY DEMAND**

---

Irma Munoz De Gonzalez, residing at 302 Chestnut Avenue, Trenton, New Jersey 08609
[hereinafter referred to as "Plaintiff"], on behalf of herself and, pursuant to N.J.S.A. 34:11-
56a25 and 29 U.S.C. § 216(b), all present and former similarly situated employees at
Cheeburger Cheeburger restaurants owned and/or controlled by the defendants herein
[hereinafter collectively referred to as "Plaintiffs"], by way of Complaint against Phoenix
Management Holdings, LLC, and John (Jane) Does #1 through #10, jointly, severally, and
individually [hereinafter collectively referred to as "Defendants"], and Mishael Quesada,
Mario Salinas, and John Doe #11, says:

## First Count

(under the overtime provisions of the New Jersey Wage and Hour Law)

(against Phoenix Management Holdings, LLC, and John (Jane) Does #1-10)

1. On information and belief, Phoenix Management Holdings, LLC [hereinafter referred to as "Phoenix"] is a company owned and/or controlled by John (Jane) Does #1 through 5.

2. Upon information and belief, Phoenix has offices at 3349 Brunswick Pike, Suite 70, Lawrenceville, New Jersey, and at all relevant times owned and/or controlled Cheeburger Cheeburger restaurants located in Lawrenceville, Hamilton, and Princeton, New Jersey.

3. On information and belief, at all relevant times John (Jane) Does # 6-10, were officers of Phoenix and/or managers at the Cheeburger Cheeburger restaurants owned and/or controlled by Phoenix.

4. At all relevant times, Defendants employed persons at their Cheeburger Cheeburger restaurants to perform general services, such as food preparation, cleaning, and cashier services ["General Duties"] that are not qualified as exempt from the state and federal laws governing overtime rate of pay for hours worked over 40 each week.

5. On information and belief, at all relevant times Defendants knowingly maintained and operated a payroll system that failed to pay legally-required overtime compensation to workers at their Cheeburger Cheeburger restaurants.

6. In the case of Plaintiff, she began work for Defendants in August 2012 for $7.50/per hour, performing General Duties at the store, and that rate of compensation was increased to $8.25/hour in December 2012.

7. Plaintiff continued to work for Defendants at Cheeburger Cheeburger restaurants in Lawrenceville and Hamilton, performing General Duties through about July 20, 2013.

8. During her employment for Defendants, Plaintiff regularly worked more than 40 hours per week.

2

9. Defendants failed to pay Plaintiff at a time-and-one half rate for hours she worked over 40 hours per week in violation of law.

10. During some period of time while employing Plaintiff, Defendants intentionally paid Plaintiff a "salary" in an attempt to evade the requirements of the state and federal laws prescribing an overtime rate of pay, although Plaintiff was not a manager or administrator or otherwise exempt under said laws from the requirement of an overtime rate of pay.

11. Defendants paid Plaintiff partly by check and partly in cash.

12. Defendants failed to provide Plaintiff with accurate statements showing correct hours worked, correct rate of pay, correct gross pay, correct amount of deductions, and correct net pay.

13. Plaintiff complained to Defendants about not receiving legally-required payment for her services and, in retaliation, Defendants created a hostile work environment that made it impossible for Plaintiff to continue to work for the Defendants, thus constructively terminating her employment with the Defendants.

## Second Count

(under the overtime provisions of the New Jersey Wage and Hour Law,
on behalf of similarly situated employees, pursuant to N.J.S.A. 34:11-56a25)

(against Phoenix Management Holdings, LLC, and John (Jane) Does #1-10)

14. Plaintiff repeats the allegations of the First Count, as if more fully set forth herein.

15. On information and belief, Defendants failed to legally pay other workers at the Cheeburger Cheeburger restaurants they owned and/or controlled in the same way that they

3

failed to legally pay Plaintiff, and the Defendants are liable to such other workers, for whose benefit Plaintiff sues pursuant to N.J.S.A. 34:11-56a25.

## Third Count

### (breach of contract)

### (against Phoenix Management Holdings, LLC, and John (Jane) Does #1-10)

16.  Plaintiff repeats the allegations of the First Count and Second Count, as if more fully set forth herein.

17. When Defendants terminated Plaintiff as set forth in paragraph 13 above, they breached their contract with her, express or implied, and they violated public policy, to Plaintiff's damage.

## Fourth Count

### (violation of public policy)

### (against Phoenix Management Holdings, LLC, and John (Jane) Does #1-10)

18.  Plaintiff repeats the allegations of the First Count, Second Count, and Third Count, as if more fully set forth herein.

19.  The termination of Plaintiff by Defendants described in paragraphs 13 above violated public policy, and Defendants are liable to Plaintiff for damages resulting therefrom.

## Fifth Count

(under anti-retaliation provisions of the New Jersey Wage and Hour Law)

(against Phoenix Management Holdings, LLC, and John (Jane) Does #1-10)

20.  Plaintiff repeats the allegations of the First Count, Second Count, Third Count, and Fourth Count, as if more fully set forth herein.

21.  Plaintiff constructive termination of employment violated the anti-retaliation provisions of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a24, and Defendants are liable to Plaintiff for damages, including punitive damages, resulting therefrom.

## Sixth Count

(under the New Jersey Wage Payment Law)

(against Phoenix Management Holdings, LLC, and John (Jane) Does #1-10)

22.  Plaintiff repeats the allegations of the First Count, Second Count, Third Count, Fourth Count, and Fifth Count, as if more fully set forth herein.

23. The failure of Defendants to provide Plaintiff with a written statement of her regular hourly rate of pay, her overtime rate of pay, her hours worked, her gross pay, deductions taken from her gross pay, and her net pay, violated the New Jersey Wage Payment Law, N.J.S.A. 34:11-4 *et seq.*, and Defendants are liable for the statutory penalties and damages resulting therefrom.

24.  On information and belief, the Defendants similarly failed to pay other employees of the Defendants at the Cheeburger Cheeburger restaurants they owned and/or controlled, in violation of New Jersey Wage Payment Law, N.J.S.A. 34:11-4 *et seq.*, and Defendants are liable for the statutory penalties and damages resulting therefrom.

5

## Seventh Count

(under the overtime provisions of the Fair Labor Standards Act)

(against Phoenix Management Holdings, LLC, and John (Jane) Does #1-10)

25.  Plaintiff repeats the allegations of the First Count, Second Count, Third Count, Fourth Count, Fifth Count, and Sixth Count, as if more fully set forth herein.

26.  Defendants failed to pay Plaintiff at the legally required overtime rate of pay for hours worked over 40 each week as required by 29 U.S.C. § 207, and the administrative regulations adopted pursuant thereto, and are liable to Plaintiff for damages therefor.

## Eighth Count

(under the overtime provisions of the Fair Labor Standards Act,
on behalf of similarly situated employees, pursuant to 29 U.S.C. § 216 (b))

(against Phoenix Management Holdings, LLC, and John (Jane) Does #1-10)

27.  Plaintiff repeats the allegations of the First Count, Second Count, Third Count, Fourth Count, Fifth Count, Sixth Count, and Seventh Count, as if more fully set forth herein.

28.  On information and belief, Defendants classified as "salaried" other workers who performed General Duties at Cheeburger Cheeburger restaurants owned and/or controlled by the Defendants and, employing that pretext, failed to pay other workers the legally required overtime rate of pay for hours worked over 40 per week, and Defendants are liable the damages therefor, pursuant to 29 U.S.C. § 216(b).

## Ninth Count

(under the anti-retaliation provisions of the Fair Labor Standards Act)

(against Phoenix Management Holdings, LLC, and John (Jane) Does #1-10)

29.  Plaintiff repeats the allegations of the First Count, Second Count, Third Count, Fourth Count, Fifth Count, Sixth Count, Seventh Count, and Eighth Count, as if more fully set forth herein.

30.  The termination of Plaintiff by Defendants described in paragraphs 13 above violated the anti-retaliation provisions of the Fair Labor Standards Act, 29 U.S.C. § 215 (3), and Defendants are liable to Plaintiff for damages, including punitive damages, resulting therefrom.

## Tenth Count

(under equitable principles of restitution)

(against Phoenix Management Holdings, LLC, and John (Jane) Does #1-10)

31.  Plaintiff repeats the allegations of the First Count, Second Count, Third Count, Fourth Count, Fifth Count, Sixth Count, Seventh Count, Eight Count, and Ninth Count, as if more fully set forth herein.

32.  Defendants are liable to Plaintiff in restitution.

## Eleventh Count

### (under the doctrine of unjust enrichment)

### (against Phoenix Management Holdings, LLC, and John (Jane) Does #1-10)

33.  Plaintiff repeats the allegations of the First Count, t Second Count, Third Count, Fourth Count, Fifth Count, Sixth Count, Seventh Count, Eighth Count, Ninth Count, and Tenth Count, as if more fully set forth herein.

34. Defendants are liable to Plaintiff under the doctrine of unjust enrichment.

## Twelfth Count

### (common law assault and battery)

### (against Phoenix Management Holdings, LLC, and John (Jane) Does #1-10, and John Doe #11)

35.  Plaintiff repeats the allegations of the First Count, Second Count, Third Count, Fourth Count, Fifth Count, Sixth Count, Seventh Count, Eight Count, Ninth Count, Tenth Count, and Eleventh Count as if more fully set forth herein.

36. John Doe #11, who was known by his first name of "Miguel" but whose last name is unknown to Plaintiff, was a food preparer and cook at Defendants' Lawrenceville Cheeburger Cheeburger restaurant in or about August through the date of Defendants' termination of his employment in or about December 2012.

37. During said period, on repeated occasions John Doe #11, while in the course of his employment by Defendants in Lawrenceville, made sexual comments to and advances on Plaintiff, including a kiss, to which Plaintiff objected.  Despite the objections, John Doe #11 persisted in his sexual comments and advances and when Plaintiff continued not to respond to his comments and advances on one occasion he placed a hot spatula against her arm, causing the arm to burn and causing Plaintiff humiliation, shame, pain and suffering.

8

38. Plaintiff complained of the conduct of John Doe #11 to supervisors and managers employed by Defendants, including "Haber" and "Eduardo Flores", but Defendants took on action to protect Plaintiff.

### Thirteenth Count
(common law assault and battery)

(against Phoenix Management Holdings, LLC, and John (Jane) Does #1-10, and Mishael Quesada)

39.  Plaintiff repeats the allegations of the First Count, Second Count, Third Count, Fourth Count, Fifth Count, Sixth Count, Seventh Count, Eight Count, Ninth Count, Tenth Count, Eleventh Count, and Twelfth Count, as if more fully set forth herein.

40. Mishael Quesada was a waiter at Defendants' Lawrenceville Cheeburger Cheeburger restaurant in or about August through the date of Plaintiff's termination of employment with Defendants in July 2013.

41. In or about December 2012, Mr. Quesada repeatedly slapped Plaintiff on her rear end while in the course of his employment by Defendants in Lawrenceville, to which Plaintiff objected.  Despite the objections, Mishael Quesada persisted in the foregoing behavior, causing Plaintiff humiliation, shame, pain and suffering.

42. Plaintiff complained of the conduct of Mishael Quesada to supervisors and managers employed by Defendants, including "Abelardo Flores" and "Monique Shevarra", but Defendants took on action to protect Plaintiff.

9

**Fourteenth Count**

(common law assault and battery)

(against Phoenix Management Holdings, LLC, and John (Jane) Does #1-10
and Mario Salinas)

43.  Plaintiff repeats the allegations of the First Count, Second Count, Third Count, Fourth Count, Fifth Count, Sixth Count, Seventh Count, Eighth Count, Ninth Count, Tenth Count, Eleventh Count, Twelfth Count, and Thirteenth Count, as if more fully set forth herein.

44. Mario Salinas was a food preparer at Defendants' Lawrenceville Cheeburger Cheeburger restaurant in or about August through the date of Plaintiff's termination of employment with Defendants in July 2013.

45. Beginning in or about August 2012, Mr. Salinas repeatedly made sexual comments to and sexual advances on Plaintiff, touching her body while in the course of his employment by Defendants in Lawrenceville, to which Plaintiff objected.  Despite the objections, Mario Salinas persisted in the foregoing behavior, causing Plaintiff humiliation, shame, pain and suffering.

46. Plaintiff complained of the conduct of Mario Salinas to supervisors and managers employed by Defendants, including "Abelardo Flores" and "Monique Shevarra" and "Mary Johnson", but Defendants took on action to protect Plaintiff.

## Fifteenth Count

(common law assault and battery; violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.)

(against Phoenix Management Holdings, LLC, and John (Jane) Does #1-10)

47.  Plaintiff repeats the allegations of the First Count, Second Count, Third Count, Fourth Count, Fifth Count, Sixth Count, Seventh Count, Eight Count, Ninth Count, Tenth Count, Eleventh Count, Twelfth Count, Thirteenth Count, and Fourteenth Count, as if more fully set forth herein.

48. Phoenix is responsible for the conduct of its employees toward Plaintiff, including John Doe #11, Mishael Quesada, and Mario Salinas, under the doctrine of respondeat superior.

49. Phoenix and John (Jane) Does #1 through 10 were legally responsible for providing Plaintiff with a safe working environment, free of physical and sexual harassment, and breached their duties in doing so, in violation of Plaintiff's rights under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.

## Sixteenth Count

(breach of contract, public policy and statutory duties)

(against Phoenix Management Holdings, LLC, and John (Jane) Does #1-10)

50.  Plaintiff repeats the allegations of the First Count, Second Count, Third Count, Fourth Count, Fifth Count, Sixth Count, Seventh Count, Eight Count, Ninth Count, Tenth Count, Eleventh Count, Twelfth Count, Thirteenth Count, Fourteenth Count, and Fifteenth Count, as if more fully set forth herein.

51. In or about February 2013, Plaintiff, while working the Defendant's Hamilton Cheeburger Cheeburger restaurant, severely injured a finger on her right hand while closing a

door.  To obtain medical help, Defendants left Plaintiff to call a taxi to take her to St. Francis Hospital emergency room, for which Plaintiff had to pay.  Defendants failed to pay her hospital bills and failed to advise her of any rights under the New Jersey Worker Compensation statutes.

52. As a result of the aforesaid injury, Plaintiff lost three days of work and suffered significant medical bills.

53. Despite Plaintiff's request that Defendants assist her in taking care of her loss of income and medical bills, Defendants failed and refused to so, in breach of their duties under contract, public policy, and the New Jersey Workers Compensation statutes, to Plaintiff's damage.

## Seventeenth Count

(breach of contract, public policy and statutory duties)

(against Phoenix Management Holdings, LLC, and John (Jane) Does #1-10)


54.  Plaintiff repeats the allegations of the First Count, Second Count, Third Count, Fourth Count, Fifth Count, Sixth Count, Seventh Count, Eight Count, Ninth Count, Tenth Count, Eleventh Count, Twelfth Count, Thirteenth Count, Fourteenth Count, Fifteenth Count, and Sixteenth Count, as if more fully set forth herein.

55. In or about April 2013, Plaintiff, while working the Defendant's Lawrenceville Cheeburger Cheeburger restaurant, slipped on food scraps on the kitchen floor and, while falling, attempted to block her fall by extending her arm, which was severely injured in the fall.

56. Defendants transported to the emergency room at the University Medical Center of Princeton at Plainsboro, where she received medical attention.  Defendants failed to pay her

hospital bills and failed to advise her of any rights under the New Jersey Worker

Compensation statutes.

57. As a result of the aforesaid injury, Plaintiff lost about five days of work and

suffered significant medical bills.

58. Despite Plaintiff's request that Defendants assist her in paying her lost income and

medical bills, Defendants failed and refused to so, in breach of their duties under contract,

public policy, and the New Jersey Workers Compensation statutes, to Plaintiff's damage.


### Eighteenth Count

(negligent emotional distress)

(against Phoenix Management Holdings, LLC, and John (Jane) Does #1-11,
and Mishael Quesada and Mario Salinas)


59.  Plaintiff repeats the allegations of the First Count, Second Count, Third Count,

Fourth Count, Fifth Count, Sixth Count, Seventh Count, Eight Count, Ninth Count, Tenth

Count, Eleventh Count, Twelfth Count, Thirteenth Count, Fourteenth Count, Fifteenth Count,

Sixteenth Count, and Seventeenth Count, as if more fully set forth herein.

60. Defendants intentionally and negligently inflicted emotional distress on the

Plaintiff, to Plaintiff's damage, and Defendants are liable therefor.



WHEREFORE, plaintiff Irma Gonzalez, on behalf of herself (and pursuant to N.J.S.A.

34:11-56a25 and 29 U.S.C. § 216(b), all present and former similarly situated employees at

the Subway stores owned and/or controlled by the Defendants, demands judgment against

the Defendants, Phoenix Management Holdings, LLC and John (Jane) Does #1 through #11,

jointly, severally, and individually, as follows:

A. Statutory damages

B. Statutory penalties, including pursuant to N.J.S.A. 34:11-4.10 and 29 U.S.C.
§ 215, and liquidated damages pursuant to 29 U.S.C. § 216(b)

C. Compensatory damages, including damages for emotional distress

D. Punitive damages

F. Pre-judgment interest

G. Attorneys fees and costs

H. Temporarily restraining and permanently enjoining the Defendants from violating
the New Jersey Wage Payment Law, N.J.S.A. 34:11-4 et seq., the New Jersey Wage
and Hour Law, N.J.S.A. 34:11-56a et seq., and the Fair Labor Standards Act, 29
U.S.C. § 201 et seq.

_____
Roger Martindell
Attorney for Plaintiffs

Dated:          , 2013


## DEMAND FOR TRIAL BY JURY


Defendant hereby demands trial by jury on all issues triable by jury.

_____
Roger Martindell
Attorney for Plaintiffs

Dated:          , 2013


## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that to my knowledge there is no other action in any court or any
arbitration proceeding, pending or contemplated, concerning the subject matter of the within
matter in controversy.

I hereby certify that all parties presently known to Plaintiffs are named and identified
in the action filed herein.

_____
Roger Martindell
Attorney for Plaintiffs

Dated:          , 2013

14

E
X
H
I
B
I
T

B

# EXHIBIT "B"

**STARK & STARK, P.C.**
By: Scott I. Unger, Esquire
P.O. Box 5315
Princeton, New Jersey 08543-5315
(609) 896-9060
*Attorneys for Defendants Phoenix Management Holdings, LLC*

| | |
|---|---|
| IRMA MUNOZ DE GONZALEZ, and all similarly situated present and former employees of the defendant herein pursuant to N.J.S.A. 34:11-56a25 and 29 U.S.C. § 216(b)<br><br><br>Plaintiffs,<br><br>v.<br><br>PHOENIX MANAGEMENT HOLDINGS, LLC and JOHN (JANE) DOES #1- #11; MISHAEL QUESADA; and MARIO SALINAS, jointly, severally and individually<br><br>Defendants. | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION - MERCER COUNTY**<br><br>*Civil Action*<br><br>**DOCKET NO. MER-L-2513-13**<br><br>**NOTICE OF FILING NOTICE OF REMOVAL** |

**TO:**   Clerk, Superior Court of New Jersey
County of Mercer

**PLEASE TAKE NOTICE** that Defendant Phoenix Management Holdings, LLC, has, on

December 12, 2013, filed electronically with the Office of the Clerk of the United States District

Court for the District of New Jersey, a Notice of Removal petitioning to remove this action to the

District of the New Jersey pursuant to 28 U.S.C. §§ 1441(a) & 1331. A true and correct copy of

the Defendant's Notice of Removal is attached hereto as Exhibit "A".

STARK & STARK
A Professional Corporation

By: _____
SCOTT I. UNGER

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2013, I sent via Federal Express this Notice of

Filing Notice of Removal with the Clerk of the Superior Court of New Jersey, Mercer County,

and sent notification of such filing via Federal Express to:

> *Roger Martindell, Esquire*
> *245 Nassau Street*
> *Princeton, NJ 08540*

STARK & STARK
A Professional Corporation

By: _____
       SCOTT I. UNGER

Dated: December 12, 2013

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315